**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RODNEY ANDERSON,[1]                              DOCKET NUMBER
                   Appellant,                    DC-0752-13-5304-I-1

          v.

DEPARTMENT OF THE NAVY,                          DATE: May 4, 2015
                   Agency.

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Rodney Anderson, Smithfield, Virginia, pro se.

Brenda Vosguanian, Esquire, and Jacquelyn Wright, Esquire, Port
     Hueneme, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] Pursuant to 5 U.S.C. § 1201.36(a), this appeal was part of a consolidation. *NAVFAC-Strike I v. Department of the Navy*, MSPB Docket No. DC-0752-15-0173-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENT ON REVIEW

¶2        On May 30, 2013, the agency proposed to furlough the appellant, a Civil Engineer, for no more than 11 workdays due to "extraordinary and serious budgetary challenges facing the Department of Defense . . . for the remainder of Fiscal Year . . . 2013, the most serious of which is the sequester that began on March 1, 2013."  Initial Appeal File (IAF), Tab 1 at 9-10.  It does not appear that the appellant responded to the proposal notice.  By written notice dated July 1, 2013, the agency's deciding official informed the appellant that he would be furloughed as outlined in the proposal notice.  *Id.* at 11-15.  The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8, 2013, and September 27, 2013, and not to exceed a maximum of 88 hours during the furlough period.  *Id.* at 7.

¶3        The appellant filed a Board appeal challenging the agency's action, but he indicated that he did not want a hearing.  *Id.* at 2.  In a furlough procedures order, the administrative judge informed the appellant that his appeal had been

consolidated with the appeals of similarly situated employees. *NAVFAC-Strike I v. Department of the Navy*, MSPB Docket No. DC-0752-15-0173-I-1, Consolidated Appeal File (CAF), Tab 1.

¶4      On December 30, 2014, the administrative judge issued an order directing the parties to participate in a telephonic status conference call on January 13, 2015. CAF, Tab 12. That order stated that failure to participate in the conference call may result in the dismissal of the appeal for failure to prosecute or other sanctions. *Id.* Twenty-three of the appellants in that consolidated appeal participated in the status conference. CAF, Tab 13. The appellant did not participate. *Id.* On January 15, 2015, the administrative judge ordered the appellants who had failed to participate to show good cause why their appeals should not be dismissed for failure to prosecute no later than January 21, 2015. *Id.* The appellant did not respond to this order to show cause. On January 23, 2015, the administrative judge issued an initial decision dismissing the consolidated appeal with prejudice for failure to prosecute. CAF, Tab 14, Initial Decision.

¶5      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 5.

¶6      The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015) (citing 5 C.F.R. § 1201.43(b)). Such a sanction should be imposed only when: (1) a party has failed to exercise basic due diligence in complying with Board orders; or (2) a party has exhibited negligence or bad faith in its efforts to comply. *Id.* Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion,

the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, [122 M.S.P.R. 139](#), ¶ 6.

¶7      On review the appellant asserts that he was on a temporary duty assignment and was unable to call into the status conference. PFR File, Tab 1 at 3. In support of his argument, he submitted travel authorization documents showing that he was traveling from January 11, 2015, through January 18, 2015. *Id.* at 15. The status conference order was issued on December 30, 2014, and served on the appellant via email through the Board's e-Appeal system. CAF, Tab 12. The appellant did not notify the administrative judge that he could not participate in the status conference. Although he admits to being on temporary duty for only half the time period for responding to the show cause order, PFR File, Tab 5 at 4, the appellant did not file a response or request an extension of time to file a response.

¶8      The appellant argues that the administrative judge did not indicate what actions to take if a party could not appear at the status conference. PFR File, Tab 5 at 4. However, the administrative judge told the parties that she was available to answer questions regarding the processing of the appeal. CAF, Tab 1 at 2. The appellant did not ask the administrative judge how to proceed if he was unable to participate in the status conference. The appellant admits to not checking his personal email and therefore not reading the administrative judge's show cause order until after the response period had expired. PFR File, Tab 5 at 4. Parties who register as e-filers are responsible for monitoring case activity at the repository at e-Appeal Online to ensure that they have received all case-related documents. [5 C.F.R. § 1201.14](#)(j)(3).

¶9      In *Leseman*, an appellant in another consolidated furlough appeal failed to appear for the scheduled status conference and prehearing conference, failed to submit a close of record submission, and failed to respond to the administrative judge's show cause order. *See Leseman*, [122 M.S.P.R. 139](#), ¶ 7. The Board found that the appellant in *Leseman* failed to exercise due diligence in

prosecuting her appeal because she failed to take any steps to pursue her appeal until she filed her petition for review, and it affirmed the administrative judge's decision to dismiss the furlough appeal for failure to prosecute. *Id.*

¶10 The circumstances in the instant appeal are similar to those in *Leseman.* The appellant has not explained his failure to notify the administrative judge that he was unable to participate in the status conference. The appellant admits to missing the filing deadline for the show cause order because he failed to check his personal email account. His failure to participate in the status conference and to monitor case activity through the repository at e-Appeal Online demonstrates a lack of due diligence on his part.

¶11 The appellant argues that the Board is dismissing furlough appeals for failure to prosecute as a means to eliminate a "backlog" of furlough appeals. PFR File, Tab 5 at 4. However, there is no indication in the record that the administrative judge applied a standard of due diligence in prosecuting this furlough appeal that is not also applied to appellants in other types of actions before the Board. *See, e.g.*, *Ahlberg v. Department of Health & Human Services*, 804 F.2d 1238, 1242 (Fed. Cir. 1986) (affirming dismissal with prejudice as a sanction for failure to prosecute when appellants failed to respond to multiple orders in a reduction in force appeal); *Williams*, 116 M.S.P.R. 377, ¶¶ 9-12 (affirming the imposition of dismissal for failure to prosecute as a sanction when the appellant failed to exercise due diligence by not responding to an administrative judge's orders in a Veterans Employment Opportunities Act appeal).

¶12 Because we conclude that the appellant has not demonstrated due diligence in complying with the administrative judge's orders, we AFFIRM the administrative judge's decision to dismiss the appeal with prejudice for failure to prosecute. *See Leseman*, 122 M.S.P.R. 139, ¶ 7.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the courts website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.